UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRANDON JAMES SHOTWELL, | Case No. 13-13048 |
| Plaintiff, | Judith E. Levy |
| v. | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Michael Hluchaniuk |
| Defendant. | United States Magistrate Judge |
| _____/ | |

**REPORT AND RECOMMENDATION**
**MOTION TO DISMISS (Dkt. 12)**

**I.   PROCEDURAL HISTORY**

   A.   Proceedings in this Court

On July 16, 2013, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), this matter was referred to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim. (Dkt. 4).

This matter is before the Court on defendant's motion to dismiss for lack of subject matter jurisdiction. (Dkt. 12). Plaintiff filed a response on February 27, 2014. (Dkt. 13). Pursuant to an order of the court, defendant filed a reply brief on July 17, 2014. (Dkt. 17). Plaintiff filed a supplemental brief on June 24, 2014.

(Dkt. 15). This matter is now ready for report and recommendation.

  B.  <u>Administrative Proceedings</u>

Plaintiff first filed an application for disability benefits on May 10, 2012. (Dkt. 12-1, Pg ID 44). Plaintiff's application was denied on initial determination. *Id*. A notice issued on October 12, 2012 advising plaintiff that he had 60 days to request a hearing. (Dkt. 12-1, Ex. 1). On February 14, 2013, plaintiff obtained new counsel and submitted a statement in support of the claimed good cause for late filing, requesting a hearing. (Dkt. 12-1, Ex. 2). Counsel explained that plaintiff received the notice, but it was lost in a move, and also referred to the regulation regarding reopening a matter within 12 months of the initial determination for any reason. *Id*.

On March 6, 2013, an administrative law judge dismissed plaintiff's request for a hearing because it was untimely filed and plaintiff did not establish good cause for the late filing. (Dkt. 12-1, Ex. 3). The ALJ also stated that he considered whether mental incapacity may have prevented plaintiff from understanding the review process. *Id.* The ALJ concluded that plaintiff had not established good cause for missing the deadline to request a hearing, the request for hearing was dismissed, and the reconsideration determination dated December 1, 2012 remained in effect. (Dkt. 12-1, Ex. 3, Pg ID 56). Plaintiff requested review of the ALJ's order of dismissal and on May 18, 2013, the Appeals Council

denied his request for review. (Dkt. 12-1, Exs. 4-5).

For the reasons set forth below, the undersigned **RECOMMENDS** that the Commissioner's motion to dismiss be **DENIED** and that this matter be **REMANDED** for further proceedings.

## II. PARTIES' ARGUMENTS

### A. The Commissioner's Motion to Dismiss

The Commissioner points to Sections 205(g) and (h) of the Social Security Act, 42 U.S.C. §§ 405(g) and (h), which authorize judicial review in cases arising under the Social Security Act. According to the Commissioner, those provisions also make clear that they are the exclusive jurisdictional basis for judicial review. Section 205(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Section 205(h) then provides:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or

> 1346 of Title 28, United States Code, to recover on any claim arising under this title.

Thus, the Commissioner contends that Congress has explicitly stated that, in claims arising under the Act, judicial review is permitted only in accordance with § 205(g) of the Act. Accordingly, § 205(g) of the Act is the exclusive jurisdictional basis for judicial review in cases arising under the Act. The Commissioner maintains that this Court lacks jurisdiction in this case because plaintiff has not identified any final decision of the Commissioner subject to judicial review under § 205(g) of the Act with respect to her applications for disability benefits.

Here, the Commissioner points out that plaintiff filed a request for a hearing more than 65 days after the date of the initial denial of his disability claim. (Dkt. 12-1, Ex. 2). Plaintiff claimed that he received the denial letter, but lost the paperwork in the process of moving. *Id*. The ALJ considered plaintiff's explanation pursuant to 20 C.F.R. § 404.911 and, according to the Commissioner, properly determined that he did not establish good cause for missing the deadline to request a hearing. (Dkt. 12-1, Ex. 3). Thus, the notice of dismissal issued by the ALJ in this case was not a final decision for purposes of judicial review. *See Hilmes v. Sec'y of Health & Human Servs.*, 983 F.2d 67, 69 (6th Cir. 1993) (denying request for a hearing on the grounds of untimeliness is not a final

4

Report and Recommendation
Motion to Dismiss
*Shotwell v. Comm'r*; Case No. 13-13048

decision and is not judicially reviewable); *see also Brandyburg v. Sullivan*, 959 F.2d 555 (5th Cir. 1992) ("Courts have been virtually unanimous in holding ... that these determinations of whether to extend for cause the limitations periods prescribed by regulation are not 'final decisions' within the meaning of section 405(g) and are hence unreviewable."). As such, there is no jurisdiction under 42 U.S.C. § 405(g) to review the decision reached by the ALJ in the instant case. Because plaintiff has not exhausted his administrative remedies before filing this action, the Commissioner maintains that his complaint should be dismissed.

B. <u>Plaintiff's Response</u>

In response, plaintiff contends that the ALJ cited the incorrect legal standard. According to plaintiff, 20 C.F.R. § 416.1488(a) is the applicable legal standard and allows a reopening of a determination for any reason within 12 months of the initial determination. According to plaintiff, good cause is not a requirement. And, in any event, he provided a good reason. As plaintiff explained, not only was he in the middle of a move at the time the denial notice was issued, he was in a chaotic living environment. He had remarried and had two adults and five children living in a cramped trailer. While alternate living arrangements were found in October 2012, that place needed work and they were living in between two locations. Plaintiff also indicated that he becomes easily confused and has trouble with memory and concentration, associated with the side effects from his

medications. He misinterpreted the denial as a final decision and thought his only option was to start a new application. He did not have legal counsel at that time. Plaintiff contends that his mental capacity was considered by the ALJ, but was not specifically addressed in the decision. Plaintiff asserts that his confusion and concentration and memory problems are supported by the consultative examination. Plaintiff contends that the ALJ failed to give proper consideration to the evidence of mental incapacity, which prevented an understanding of the review process, as required by SSR 91-5.

Plaintiff also contends that the ALJ's decision finding no good cause failed to advise him that a new application could be filed and the written request for review used as a protective filing date. And, plaintiff argues that the request for hearing should have been considered a request to reopen the prior determination. Plaintiff maintains that he is statutorily and constitutionally entitled to a hearing and this Court has the ability to review that decision. *See Matthews v. Eldridge*, 424 U.S. 319 (1976) (Supreme Court held that the courts could review the plaintiff's claim that due process required a hearing before his benefits could be terminated even though no hearing had ever been held).

In his supplemental brief, plaintiff asserts that defendant recently issued HALLEX I-2-4-5, revising the Agency's procedures on dismissal. HALLEX now indicates that a dismissal order must support the ultimate finding and fully explain

6

Report and Recommendation
Motion to Dismiss
*Shotwell v. Comm'r*; Case No. 13-13048

the conclusion, including a summary of the facts in a manner the claimant can understand, along with the authority and basis for the dismissal, including a discussion of any unusual factors relating to the dismissal. Plaintiff contends that the ALJ's order does not pass muster under the revised HALLEX because the specific issues identified by plaintiff were not addressed.

    C.    <u>The Commissioner's Reply</u>

The Commissioner contends that, as stated by the Appeals Council, the ALJ reasonably treated plaintiff's "Good Cause Letter for Late Filing" as a request for extension of time to request a hearing. As plaintiff admits, good cause is not required for such a reopening. Therefore, the letter was ambiguous. The ALJ considered the ambiguous letter and reasonably interpreted it as a request for an extension of time to request a hearing. The Appeals Council discussed the ambiguity in the letter, noting that it both requested a reopening and presented a "good cause" argument. According to the Commissioner, the Appeals Counsel found that the ALJ properly found no good cause and denied plaintiff's request for review of that finding and plaintiff fails to demonstrate that the agency erred in its findings.

And, the Commissioner points out that regardless of how plaintiff's request could have been viewed, a decision by the agency on a request to reopen a claim for benefits is not subject to judicial review. As stated in *Blacha v. Secretary of*

*Health and Human Services*, 927 F.2d 228, 231 (6th Cir. 1990) "[a] court may not review a refusal to reopen an application for benefits absent a constitutional challenge." While plaintiff briefly attempts to assert a constitutional challenge, the Commissioner contends that his argument is flawed. Specifically, plaintiff contends that the agency's position is that it can deny a hearing "for whatever reason" and that the decision would not be subject to judicial review. According to the Commissioner, plaintiff is incorrect. The agency denied plaintiff's request for a hearing in this case for the specific reason that it was untimely and that no good cause existed to excuse his late request. The denial was not made solely based on the whim of the agency, but rather based on specific, duly promulgated regulations. Regardless, if the agency had viewed plaintiff's letter as a request for reopening and issued a denial on that basis, it would not be subject to judicial review.

Furthermore, even if the ALJ or Appeals Council erred, the Commissioner maintains that plaintiff fails to request relief in line with the alleged error. Plaintiff asks that this case be remanded for a hearing, however, plaintiff does not contend that the ALJ erred by denying a tardy request for a hearing, but rather that the ALJ should have considered his request for reopening. Therefore, the appropriate relief would be a remand for consideration by the agency of a reopening request, not for a hearing.

Finally, plaintiff submitted a Supplemental Reply to Defendant's Motion to Dismiss, citing what he describes as new procedures concerning dismissals that he alleges the agency did not follow. According to the Commissioner, the Supplemental Reply does nothing more than continue plaintiff's pattern of muddling the issue of whether he was asking for an extension of time to request a hearing or a reopening. Plaintiff cites HALLEX I-2-4-5. That HALLEX provision concerns the circumstances under which an ALJ may dismiss a request for a hearing, and does not address requests for reopening. Plaintiff's Supplemental Reply, therefore, further demonstrates continuing ambiguity in his position. Again, the Commissioner maintains that the ALJ appropriately interpreted plaintiff's ambiguous request and reasonably denied it.

### III. ANALYSIS AND CONCLUSION

To survive the motion to dismiss, plaintiff must present a colorable constitutional claim that vests the courts with jurisdiction to review the application of *res judicata*. Contrary to plaintiff's contentions, it is well-settled that a "court may not review a refusal to reopen an application for benefits absent a constitutional challenge." *Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990), citing *Gosnell v. Califano*, 625 F.2d 744, 745 (6th Cir. 1980); *Ingram v. Sec'y of Health & Human Servs.*, 830 F.2d 67, 67 (6th Cir. 1987), citing *Califano v. Sanders*, 430 U.S. 99 (1977). As noted in *Parker v.*

*Califano*, 644 F.2d 1199 (6th Cir. 1981):

> [The Supreme Court in *Sanders*] noted that the clear language of Section 205(g) indicated that the federal courts' jurisdiction under the [Social Security] Act is limited to review of a 'final decision of the Secretary made after a hearing.' [*Sanders*, 430 U .S.] at 108. The Court held that because a petition to reopen may be denied without a hearing Congress did not intend Section 205(g) to provide the jurisdictional predicate for judicial review of the Secretary's decision not to reopen a prior final decision. *Id*.

*Parker*, 644 F.2d at 1201. Similarly, and contrary to plaintiff's arguments, the Sixth Circuit has held that the dismissal of a hearing request is not within the jurisdictional purview of § 405(g) absent a colorable constitutional claim. *Hilmes v. Sec'y of Health & Human Servs.*, 983 F.2d 67, 70 (6th Cir. 1993) (rejecting jurisdiction over an appeal from a denial of a hearing request for untimely filing). As explained in *Suciu v. Commissioner of Social Security*, 405 F.Supp.2d 874, 878 (M.D. Tenn. 2005):

> As Defendant recognized in its briefs, the decision to deny a hearing request or to deny a request to reopen a hearing, is made without a hearing, and is therefore unreviewable by a district court pursuant to 42 U.S.C. § 405(g), *absent a constitutional challenge*. *See id*. The Supreme Court recognized in *Sanders* that otherwise unappealable orders may be challenged on constitutional grounds. This court has interpreted *Sanders* as requiring a reviewing court to determine whether a claimant has established a colorable constitutional claim. *See Cottrell v. Sullivan*, 987 F.2d 342, 345 (6th Cir. 1992). Absent a finding that the claimant has established a colorable

>constitutional claim, a federal court has no jurisdiction to review the Commissioner's decisions made without a hearing. *Id*. Further, the use of constitutional language to "dress up" a claim of abuse of discretion in refusing to reopen an application does not create a colorable constitutional challenge. *Ingram v. Sec'y of Health & Human Servs.*, 830 F.2d 67, 67-68 (6th Cir. 1987).

(emphasis in original).

The existence of a such a constitutional claim is a question of law for the court to decide. *Wills v. Sec'y of Health & Human Servs.*, 802 F.2d 870, 872 (6th Cir. 1986). In reviewing the findings of fact on which the Commissioner's determination is based, the Court must determine whether they are supported by substantial evidence. *See Wills*, 802 F.2d at 873; *see also Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999); *Vaswani v. Barnhart*, 2007 WL 2412262 (S.D.N.Y. 2007) (where the Appeals Council considered whether the evidence of mental impairment submitted by plaintiff established good cause for reopening the claim, the SSA had addressed the substance of the due process claim and the Court was permitted to review the Appeals Council's ruling for substantial evidence) (citing *Byam v. Barnhart*, 336 F.3d 172 (2d Cir. 2003)).

As outlined in *Parker v. Califano*, after the agency has made a determination regarding whether plaintiff's mental illness prevented him from pursuing her administrative remedies, "the district court will have a sufficient record before it to decide what relief, if any, is consonant with due process and the

Secretary's regulatory scheme." *Id.* at 1203; *see also Blake v. Barnhart*, 2003 WL 1343021 (D. N.H. 2003) (The court denied the motion to dismiss where the plaintiff raised a colorable constitutional claim regarding the ALJ's denial of the request to reopen the DIB application; the court had subject matter jurisdiction over this decision and review of the matter was limited to whether substantial evidence supports the ALJ's determination that the plaintiff was able to comprehend and/or act upon the administrative remedies available.).

Based on the foregoing authority, it seems readily apparent that plaintiff has alleged a colorable constitutional claim given the evidence presented to and considered by the ALJ that his mental illness precluded him from pursuing his administrative remedies. Plaintiff stated that he becomes easily confused and has trouble with his memory and concentration due to medication side effects. Plaintiff also pointed to medical records showing a GAF score of 55, indicating moderate symptoms, mild to moderate distraction due to chronic pain, and an impaired ability to complete tasks or accomplish goals based on anxiety, depression, and chronic pain. Thus, the Commissioner's motion to dismiss should be denied on this basis. Whether the evidence supports the Commissioner's decision that plaintiff was afforded due process and that plaintiff failed to present sufficient evidence that his mental impairments prevented him from completing all the necessary steps at the administrative level is not an issue before the Court in

this motion. The only issue before the Court at this time is whether the Court has subject matter jurisdiction. The undersigned has concluded that the Court does have jurisdiction, despite the lack of a final decision, because plaintiff has asserted a colorable constitutional claim. However, while the ALJ indicated that the issue of plaintiff's mental capacity was addressed, there is no analysis in the decision of the ALJ or the Appeals Council regarding this issue and no indication of what evidence was considered in reaching this decision. Had there been such an analysis done at the administrative level, as mandated by *Parker v. Califano*, the Court would direct the parties to fully brief plaintiff's constitutional claim so the Court could determine whether the Commissioner's narrow decision was supported by substantial evidence. Here, however, the record is not sufficient for the Court to make such a determination because the Agency has not fully addressed the substance of the constitutional claim. Thus, a remand is appropriate so that the Agency can fully consider and expressly address plaintiff's constitutional claim. *See e.g.*, *Vaswani v. Barnhart*, 2007 WL 2412262 (S.D.N.Y. 2007) (where the Appeals Council considered whether the evidence of mental impairment submitted by plaintiff established good cause for reopening the claim, the SSA had addressed the substance of the due process claim and the Court was permitted to review the Appeals Council's ruling for substantial evidence) (citing *Byam v. Barnhart*, 336 F.3d 172 (2d Cir. 2003)).

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that the Commissioner's motion to dismiss be **DENIED** and that this matter be **REMANDED** for further proceedings.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 5, 2014    s/Michael Hluchaniuk
　　　　　　　　　　　　　Michael Hluchaniuk
　　　　　　　　　　　　　United States Magistrate Judge

### CERTIFICATE OF SERVICE

　　I certify that on November 5, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

　　　　　　　　　　　　　s/Tammy Hallwood
　　　　　　　　　　　　　Case Manager
　　　　　　　　　　　　　(810) 341-7887
　　　　　　　　　　　　　tammy_hallwood@mied.uscourts.gov